FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2009 MAR -3 P 1:35

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

WIESLAW TOKARSKI

    Plaintiff,

V.                                       CIVIL ACTION NO.

                                              RDB 09 CV 0509

CASTLE AUTO OULET, LLC

    Defendant.                              FEBRUARY 25, 2009

## COMPLAINT

**FIRST COUNT:**

1. This is an action for a declaratory judgement, a permanent injunction and damages for violation of the Truth In Lending Act, 15 U.S.C. § 1601 et seq., and for violation of the Md. Ann. Code <u>Commercial Law</u> Credit Grantor Closed End Credit § 12-1001 et seq., and for violation of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-105 et seq., and for violation of COMAR and for Common Law Fraud.

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff is a resident of the Town of Edgewood, Hartford County and the State of Maryland.

4. Defendant Castle Auto Outlet, LLC hereinafter referred to as ("CAO") is a domestic corporation with a place of business at 921 Pulaski Highway, Joppa, Maryland

21085.

5. On or about March 8, 2008 plaintiff entered into a consumer transaction with CAO to buy a used 2006 Dodge for personal, family or household use.

6. CAO disclosed on the Retail Installment Sale Contract ("RISC") in the Itemization of the Amount Financed that it paid Car Care Connection the sum of $1,298.

7. Based on information and belief, CAO did not pay the sum of $1,298 to Car Care Connection.

8. The sum of money retained by CAO for the Vehicle Service Contract constitutes an undisclosed finance charge.

9. Based on information and belief, CAO did not disclose the correct APR on the RISC.

10. Based on information and belief, CAO did not disclose the correct Finance Charge on the RISC.

11. CAO failed to provide the disclosures pursuant to Reg. Z Part 226.18 prior to consummation of the contract or subsequent to consummation in violation of the Truth in Lending Act.

12. CAO charged Plaintiff inconsistent fees on the Buyers Order and the RISC due the Maryland MVA.

13. As a result of CAO's actions, Plaintiff has been damaged.

**SECOND COUNT:**

14. The allegations of ¶ No. 5 of Count One are repeated as if fully set forth

herein.

15. Based on information and belief CAO charged Plaintiff government fees, expenses and or taxes in excess of those authorized in violation of the Md. Ann. Code <u>Commercial Law</u> Credit Grantor Closed End Credit § 12-1005.

16. CAO charged Plaintiff for a Vehicle Service Contract that it knew or should have known that the Warranty Company would not warrant and in fact terminated the contract.

17. As a result of CAO's actions Plaintiff has been damaged.

**THIRD COUNT:**

18. The allegations of ¶ No. 5 of Count One are repeated as if fully set forth herein.

19. CAO has committed one or more unfair or deceptive acts or practices in violation of the Md. Consumer Protection Act § 13-105 et seq., including, but not limited to, failing to disclose to Plaintiff accurate financial terms of the transaction.

20. CAO is a "merchant" within the meaning of the Maryland Consumer Protection Act ("CPA") Comm. Law, § 13-101(g), and is subject to all of the CPA's Provisions prohibiting unfair or deceptive trade practices including those in Md. Code Ann., Comm. Law §§ 13-301 and 13-303.

21. CAO charged Plaintiff several Hundred of Dollars for an Extended Service Contract when it knew Car Care Connections would not cover the Extended Warranty on the Dodge sold to Plaintiff because the "wheels" were altered at the time CAO sold

Plaintiff the auto.

22. Based on information and belief CAO received a refund of the monies Plaintiff paid it for the Vehicle Service Contract and is unable or unwilling to return to Plaintiff the refund that it received from Car Care Connections the Warranty Company despite repeated demands in the sum of $1,298, plus finance charges, and pay for damages to the car by CAO's misrepresentations.

23. Based on information and belief CAO has charged Plaintiff a greater sum of money than CAO paid to Government Officials in violation of CLEC.

24. Based on information and belief CAO sold Plaintiff a Dodge, which is the subjection of this case, and failed to disclose that it was a prior fleet lease car in violation of COMAR Dealer's Advertising and Trade Practices, § 11.12.01.14.

25. Based in information and belief CAO failed to disclose that the Dodge that is the subject of this case sustained "Frame Damage" when Plaintiff inquired whether the car had been in a prior accident.

26. As a result of CAO's actions Plaintiff has been damaged.

**FOURTH COUNT:**

27. The allegations of ¶ No.5 of the First Count are repeated as if fully set forth herein.

28. Plaintiff contacted Car Care Connections the company that was to provide a Vehicle Service Contract as listed on the Buyers Order and the RISC that was prepared by CAO. The purpose was to have service work performed on the car and Plaintiff was

informed by Car Care Connections that they did not write the Service Contract because the car had been altered by installing special wheels prior to the time of sale, and that Car Care Connections returned the $1,298 paid by Plaintiff for the Vehicle Service Contact to CAO.

29. At the time of signing the Buyers Order and the RISC, Plaintiff relied on the representation that CAO would provide a Service Contact in exchange for $1,298. CAO was aware at the time it made the representation to Plaintiff that it could not provide the Service Contract. CAO intended that Plaintiff rely on the false representation it made to Plaintiff and Plaintiff did rely on that the false representation.

30. As a result of CAO's false representation Plaintiff has suffered damages.

WHEREFORE, it is respectfully requested that this Honorable Court:

1. Award Plaintiff statutory damages, actual damages, costs and a reasonable attorney fees on Count I.

2. Award Plaintiff statutory damages and attorney fees on Count II.

3. Award Plaintiff actual damages, compensatory damage, costs and attorney fees for Violation of the Md. Ann. Consumer Protection Act on Count III.

4. Award Plaintiff punitive damages on Count IV.

5. Award Plaintiff such other or further relief, including the return of the Dodge, return of all down payments and monthly payments made by Plaintiff and such other relief that the Court deems just or equitable.

THE PLAINTIFF

BY _____
Bernard T. Kennedy
P.O. Box 657
Edgewater, MD 21037
Tel. (443) 607-8901
Fax. (443) 607-8903
Fed. Bar # MD 26843
Email- bernardtkennedy@yahoo.com